C. L. McElhaney v. The State.

1. Disorderly House is defined to be a house "*kept for the purpose* of public prostitution, or as a common resort for prostitutes and vagabonds." The mere fact that a business establishment, such as a liquor saloon, was habitually resorted to by prostitutes and vagabonds, as well as by good citizens, did not constitute it a disorderly house.

2. Same — Fact Case. — See evidence held insufficient to sustain a conviction for keeping a disorderly house.

Appeal from the County Court of Johnson. Tried below before the Hon. W. J. Ewing, County Judge.

The substance of the evidence is clearly embodied in the opinion of the court. A fine of $100 was the penalty assessed against the appellant.

*J. N. English* and *Poindexter & Padelford*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

Willson, J.   The information in this case charges that the defendant did unlawfully keep a disorderly house, the same being a common resort for prostitutes and vagabonds.   The evidence to support this charge is substantially as follows:   Defendant kept a saloon in Cleburne, Johnson county, in which he kept whiskies, cigars, ice, etc., for sale.   There were two rooms in the house.   In one of the rooms was situated the bar and a piano.   In the other room were chairs and tables.   Women commonly known as prostitutes were frequently seen in this saloon, sometimes in the bar-room and sometimes in the other room.   Sometimes these women would be drinking, and sometimes they would not.   Two or three men, who had no residence, occupation or visible means of support, also frequented this house.   A great many good people also went to defendant's house after beer, liquor and ice.   The mayor of Cleburne testified that he frequently visited defendant's saloon to get drinks, and that a great many good people went there to buy ice and other articles kept for sale, and that he never saw anything wrong there.   The defendant, upon this testimony, was convicted and fined $100, and from this conviction he has appealed to this court.   There are several errors assigned by defendant, but we shall consider but one; that is, that the verdict of the jury and judgment of the court are contrary to the law and evidence.

Article 396 of the Penal Code defines a disorderly house to be, "one kept for the purpose of public prostitution, or as a common resort for prostitutes and vagabonds." It is not every house to which prostitutes and vagabonds resort that thereby becomes a disorderly house within the spirit and intent of this law.   But to bring the house

within the inhibition of the statute it must be *kept for the purpose* of public prostitution, or as a common resort for prostitutes and vagabonds.

Does the evidence in this case show that this house was kept for either of the unlawful purposes named in the statute? We do not think that it does. The defendant was engaged in carrying on a legitimate business in that house. He kept there various articles of trade for sale, and sold the same to whoever desired to purchase. While it is true that prostitutes visited his house, it is also true that a great many good people went there for the lawful and innocent purpose of purchasing ice, etc. There was not a witness who testified in the case,— and there were a number of them,— who had not frequently visited defendant's house to purchase articles that he kept there for sale. None of the witnesses ever observed any disturbance or disorderly conduct at the house. This case differs in its facts from the cases of *Couch* v. *State*, 24 Texas, 559, and *Brown* v. *State*, 2 Texas Ct. App. 189. In both the cases named the houses named were shown to be "dance-houses" and common resorts for lewd women, and clearly within the inhibition of the statute.

Believing, as we do, that the evidence in this case does not support the charge, the case is reversed and remanded.

*Reversed and remanded.*